# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 25, 2014 Session

## GERALD ROGERS, NEXT OF KIN OF VICKI L. ROGERS v. PAUL JACKSON, M. D., ET AL.

### Appeal from the Circuit Court for Rutherford County
### No. 56605     Royce Taylor, Judge

---

### No. M2013-02357-COA-R3-CV - Filed May 19, 2014

---

Defendants in a health care liability action appeal the denial of their motions to strike the allegations of comparative fault raised in the amended answer of other defendants and their motions to dismiss the amended complaint.  Finding no error, we affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Phillip North and Edward A. Hadley, Tennessee, for the appellants, Paul Jackson, M. D., and Gethsemane Cardiovascular Clinic, PLLC.

L. Gilbert Anglin, Murfreesboro, Tennessee, for the appellee, Gerald Rogers as next of kin go his deceased wife, Vicki L. Rogers.

Thomas A. Wiseman, III, and Kimberly G. Silvus, Nashville, Tennessee, for the appellees, Kevin Bonner, M. D. and Middle Tennessee Emergency Physicians, P. C.

**OPINION**

## I. FACTUAL AND PROCEDURAL SUMMARY[1]

Vicki L. Rogers ("Ms. Rogers") presented to the emergency room at Middle Tennessee Medical Center at 1:49 p.m. on Saturday, February 3, 2007 complaining of pain in her chest, left arm and shoulder, nausea, and vomiting. She was seen by Dr. Kevin Bonner, the attending physician in the emergency room, who ordered one EKG at approximately 2:14 p.m. and another at 3:14 p.m.; both were determined to be abnormal. Dr. Bonner discharged Ms. Rogers at 4:45 p.m. with a diagnosis of "CHEST PAIN: Uncertain cause"; she was advised to make arrangements for a stress test on February 5. Ms. Rogers made the appointment and the test was scheduled for noon on February 6; however, on February 6 she died of a heart attack before the test could be administered.

On February 1, 2008, Ms. Rogers' husband, Gerald ("Rogers"), filed suit against Middle Tennessee Medical Center, Inc, Saint Thomas Health Services- Ascension Health-IS, Inc., and Dr. Bonner and Middle Tennessee Emergency Physicians, P.C. (collectively "Dr. Bonner"),[2] alleging that the defendants failed to diagnose and treat his wife, thus causing her death. Dr. Bonner filed an answer on September 3 and on October 2 moved to amend the answer to assert comparative fault against "Paul Jackson, MD, and the group of Paul Jackson, MD, and, in the alternative, the deceased patient"; the court granted the motion and on October 28 he filed the amended answer.[3] On December 29 Rogers filed an amended

---

[1] The factual summary is taken from the allegations of the complaint and admissions in the answer of defendants Bonner and Middle Tennessee Emergency Physicians, P.C.

[2] Middle Tennessee Medical Center is a division of Saint Thomas Health Services which is owned by Ascension Health-IS, Inc. Middle Tennessee Emergency Physicians employs physicians who provide emergency services at Middle Tennessee Medical Center; Dr. Bonner was employed by Middle Tennessee Emergency Physicians at the time of Ms. Rogers' treatment.

[3] The amended answer included the following allegations of comparative fault:

4. The Defendants assert comparative fault against Paul Jackson, MD (hereinafter "Dr. Jackson"). Dr. Bonner consulted Dr. Jackson, the on-call cardiologist, and reported the patient's condition, including the EKG results, as documented in the records, and Dr. Jackson recommended that the patient be sent home to follow up with him. Dr. Bonner relied on this recommendation in sending the patient home.

5. The Defendants assert comparative fault against the patient, Ms. Rogers. Dr. Bonner instructed her to see Dr. Jackson on Monday, February 5, 2007, for follow-up. According to the Complaint, Ms. Rogers was not to be seen until February 6, 2007, the day that she died. If Ms. Rogers was responsible for this delay, she caused or contributed to her death.

2

complaint, restating the allegations of the original complaint and adding Dr. Paul Jackson and Gethsemane Cardiovascular Clinic, PLLC (collectively "Dr. Jackson") as defendants.[4] Dr. Jackson answered the complaint on January 29, 2009 and Dr. Bonner filed an answer on February 4.

On April 8, 2009 Dr. Jackson filed a motion to strike the allegations of fault in the amended answer and in the amended complaint because the allegations were not supported by a certificate of good faith as required by Tenn. Code Ann. § 29-26-122 and, accordingly, to dismiss the amended complaint. Dr. Bonner filed a response asserting that § 29-26-122 was not applicable because it only applied to actions filed on or after October 1, 2008; he also moved for an extension of time to file a certificate if the court found the statute applicable.[5] Rogers filed a response to Dr. Jackson's motion which adopted Dr. Bonner's response and also asserted that the claim against Dr. Jackson related back to the filing of the original complaint pursuant to Tenn R. Civ. P. 15.03; Rogers likewise requested an extension of time to file a certificate of good faith in the event the court determined that §29-26-122 was applicable. On June 18, 2009, the court entered an order denying Dr. Jackson's motion; Dr. Jackson moved for an interlocutory appeal, and the court denied the motion.

The case was set for trial on August 21, 2013 and on August 14 Dr. Jackson renewed his motion to strike the allegations of comparative fault and to dismiss the complaint; the court denied the motion. Dr. Jackson once more moved for an interlocutory appeal along with a request for a continuance until the appeal was complete, which the court denied on

---

6. In the alternative, the Defendants assert comparative fault against Dr. Jackson and/or his medical office (believed to be Cardiology Health and Wellness Center) for causing Ms. [Rogers] to not be seen on February 5, 2007, as instructed by Dr. Bonner. If Dr. Jackson and/or his medical office were responsible for this delay, they caused or contributed to her death.

[4] Middle Tennessee Medical Center and Saint Thomas Health Services, Ascension Health - IS, Inc., were not named as defendants in the amended complaint; those entities did not participate further in the case and are not parties to the appeal.

[5] Attached to Dr. Bonner's response were a certificate of good faith signed by his counsel Thomas Wiseman and Chris Tardio and the affidavit of his counsel, Chris Tardio. The certificate stated that counsel consulted with experts who were "competent under § 29-26-115 to express an opinion in the case; and believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident(s) . . . at issue, that there is a good faith basis to allege such fault against another consistent with the requirements of § 29-26-115." Chris Tardio stated in his affidavit that, prior to filing the amended answer, he had consulted with two experts who "indicated to me a good faith basis" to assert fault against Dr. Jackson, that he did not obtain certificates of good faith because in his professional opinion the statute did not apply to cases filed before October 1, 2008, and that he believed that good cause existed for the court to extend the time to file a certificate of good faith if the court determined that the statute applied.

August 20.  The case proceeded to trial and the jury returned a verdict against Dr. Jackson in the amount of $973,790.87.  Dr. Jackson filed a motion to alter or amend the judgment requesting that the court set aside the judgment; the court denied the motion.  Dr. Jackson appeals.

## II. ISSUE AND STANDARD OF REVIEW

The dipositive issue in this appeal is whether the health care liability statute, codified at Tenn Code Ann. § 29-26-122, which became effective October 1, 2008, applies to the amended complaint filed December 29, 2008, such as to require Rogers or Dr. Bonner to file a certificate of good faith.  This is a question of law, the trial court's determination of which we review *de novo* with no presumption of correctness.  *See Staples v. CBL Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

## III. ANALYSIS

Dr. Jackson contends that Rogers was required to comply with Tenn. Code Ann. § 29-26-122[6] by filing a certificate of good faith with the amended complaint because the amended complaint was filed after the effective date of the statute; because he failed to do so, Dr.

------

[6]  The pertinent portions of Tenn. Code Ann. § 29-26-122 (a)–(c) state:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.  If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.
* * *
(b) Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by § 29-26-115, each defendant or defendants counsel shall file a certificate of good faith. . .
* * *
(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice.  The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section.  If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations.  The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Jackson argues, the court was required to grant the motion to dismiss the claims.[7]  In making his argument, Dr. Jackson characterizes the filing of the amended complaint as commencing a "new action against Dr. Jackson and Gethsemane Cardiovascular Clinic."  We respectfully disagree.

In accordance with Tenn. Code Ann. § 20-1-119, when a defendant alleges that a person not a party "caused or contributed to the injury or damage for which the plaintiff seeks recovery", the plaintiff is granted ninety days within which to either amend the original complaint to add the person as a party or initiate a separate action against that person and that the cause of action so brought "shall not be barred by any statute of limitation."[8]

Rogers amended his complaint to add Dr. Jackson as a defendant and to assert a claim against him pursuant to the provisions of Tenn. Code Ann. § 20-1-119(a)(1); the statute

---

[7]  In denying the renewed motion to dismiss, the court stated:

> The defendant is required to file a certificate of good faith with its answer or amended answer alleging comparative fault.  The allegation is subject to dismissal absent a certificate of good faith unless waived by the plaintiff.  Plaintiff has waived the requirement.

Dr. Jackson also contends that Dr. Bonner was required to file a certificate pursuant to Tenn. Code Ann. § 29-26-122 (b) and that, when Rogers waived the requirement in accordance with § 29-26-122 (c), it "became imperative for [Rogers] to comply with the good faith certificate requirement."  The record does not contain a written waiver of this requirement executed by Rogers; we presume that the requirement was waived at the hearing on the motion.  In our resolution of this appeal, Dr. Bonner was not required to file a certificate.

[8]  Tenn. Code Ann. § 20-1-119 states in part pertinent to this discussion:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations. . . alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery. . . the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).
> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations.  This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

incorporates Tenn. R. Civ. P. 15, which, in turn, provides that "[w]henever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Tenn. R. Civ. P. 15.03. There is nothing in either the statute or the rule which would treat the amended complaint as a "new action" for any purpose.[9]

The claim asserted against Dr. Jackson in the amended complaint arose out of the same conduct set forth in the original complaint[10]; by operation of Rule 15.03 the allegations of the amended complaint–and the claims stated therein–relate back to the date of the original complaint, February 1, 2008, which was prior to the effective date of Tenn. Code Ann. § 29-26-122. Consequently, the requirement of the statute that Rogers file a certificate of good faith with the amended complaint is not applicable to this case.

Our resolution of this issue pretermits consideration of the other issues raised by the parties.

---

[9] Indeed, Tenn. Code Ann. § 20-1-119(a)(2) provides that, if the plaintiff chooses to file a "separate action" rather than proceeding against the new party by amended complaint in the existing action, that the new complaint "shall not be considered an original complaint initiating the suit." This language supports our determination that the amended complaint is not a "new action."

[10] The pertinent allegations from the amended complaint are as follows:

15. At the time of the matters complained of herein, the Defendant, Jackson, was employed by the Defendant, GCC, who in turn was employed by the Defendant, MTMC.
16. The Defendant, Jackson, was acting within the scope of his employment and for the benefit of the Defendants, GCC and MTMC.
17. Defendants, Jackson and GCC, were negligent in recommending that Vicki L. Rogers be sent home on February 3, 2007 and in delaying the stress test until February 6, 2007.
18. The Defendants and each of them acting individually or through their employees were guilty of negligence in that they failed, refused and/or neglected to properly diagnose the ailment of Vicki L. Rogers and that failure was a proximate cause of her death.
19. The Defendants and each of them acting individually or through their employees were guilty of negligence in that they failed t o properly discover and treat the ailment of Vicki L. Rogers in a timely fashion and that was a proximate cause of her death.
20. As a result of the negligence of the Defendants, Vicki L. Rogers sustained further personal injury resulting in pain and suffering and her eventual death and incurred medical and funeral expenses.
21. As a result of the negligence of the Defendants, Gerald Rogers has sustained the loss of consortium of his wife as well as pain and suffering.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
RICHARD H. DINKINS, JUDGE